UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Teresa B. Buckner, | ) | Case No. 11-14663 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | Hearing Date: December 20, 2012 |
| | ) | Hearing Time: 10:30 A.M. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:        Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:    Estate

Date of Order Authorizing
Employment:            April 6, 2011

Period for Which
Compensation is sought:    April 6, 2011 to Close of Case

Amount of Fees sought:    $4,000.00

Amount of Expense
Reimbursement sought:    $0.00

This is an:    Interim Application __        Final Application __X__

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $0.00  .

Dated: November 13, 2012            Joseph A. Baldi, Trustee of the Estate of
                        Teresa B. Buckner

                        By: ____/s/Joseph A. Baldi, Trustee_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Teresa B. Buckner, | ) | Case No. 11-14663 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | Hearing Time: |
| | ) | Hearing Date: |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Teresa B. Buckner ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $4,000.00 as final compensation for services rendered as trustee in this case from April 6, 2011 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on April 6, 2011 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate's primary was a claim for injuries as a result of an automobile accident ("PI Claim which is the subject of a lawsuit filed pre-petition and captioned Teresa B. Buckner v. Jacqueline Watters Rothfahn, Case No. 10 L 545 ("Lawsuit").

4. The bar date for filing claims in this case was November 30, 2011.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

**Services Rendered by Trustee**

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A. Trustee reviewed and analyzed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs; Trustee conducted an examination of the Debtor pursuant to Section 341 of the Code;

B. Trustee investigated the Claim and the value of the Lawsuit; Trustee directed his special counsel to prosecute and/or to negotiate for a settlement of the Lawsuit; upon reaching acceptable settlement terms, the Trustee directed his attorneys to prepare a motion to approve the proposed settlement; as a result of the foregoing, the Trustee recovered gross proceeds of $98,000.00 for the benefit of the Estate; upon entry of the order approving the proposed settlement, Trustee reviewed and executed various documents, as required, to effectuate the terms of the settlement;

C. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

F. Trustee reviewed, examined and verified the physician/medical liens asserted against the Lawsuit; pursuant to the terms of the settlement of the Lawsuit, Trustee oversaw the distribution to allowed lien claimants; Trustee examined, and verified proofs of claim filed against the Estate; and

G. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $98,000.00 on behalf of the Estate. Trustee has made $81,797.66 in disbursements in this case as of the date hereof, which includes payment of $15,000 to Debtor for her personal injury exemption from the settlement of the PI Claim.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

## Compensation Requested

10. During the period covered by this Application, Trustee has spent 15.40 hours rendering services on behalf of this Estate with a value of $2,879.00. Trustee estimates that he will spend, *at a minimum*, an additional four hours rendering services with a value of $1,035.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the compensable receipts and disbursements listed above, is $7,400.00 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $45,000.00 | $4,500.00 |
| 5% of the next $33,000.00 | $1,650.00 |
| Maximum allowable compensation | $7,400.00 |
| Total requested compensation | $4,000.00 |

The money (i.e. $15,000.00) paid to Debtor on account of her allowed exemption in the proceeds of the settlement was excluded from the computation of the maximum allowable compensation as set forth above.

12. Based upon the caliber of the services rendered by Trustee, the skill and speed at which the Trustee administered this case, and the results achieved, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $4,000.00.

13. The amount requested represents reasonable compensation for the services rendered by Trustee and is less than the maximum compensation allowable as set forth in paragraph 11 above. Pursuant to Section 330(a)(7), the Court shall treat Trustee compensation under Sections 330 and 326 as a commission. Trustee has agreed not to seek the maximum compensation allowable to him in order to enhance the distribution to unsecured creditors in the case.

14. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit C.

15. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

## Status of the Case

16. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

17. Trustee has completed and filed his Final Report simultaneously herewith. The final fee application for the Trustee's Attorney has also been filed concurrently with this Application.

18. After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a 30% distribution to timely filed general unsecured creditors.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Teresa B. Buckner requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $4,000.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from April 6, 2011 through the closing of this case;

B. For such other and further relief as this Court deems appropriate.

Dated: October 16, 2012         Joseph A. Baldi, as trustee of the estate of Teresa B. Buckner, debtor

By:_____/s/ Joseph A. Baldi_____

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St.   Suite 1500
Chicago, IL 60603
(312) 726-8150

**Trustee's Final Fee Application**

Teresa B. Buckner, Debtor
Case No. 11-14663

**Trustee's Itemized Billing Statements**

Exhibit A

**Baldi Berg & Wallace, Ltd.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

**Phone:** (312) 726-8150
**Fax:**   (312) 726-5067

**FEIN:** 36-4352753

**Invoice submitted to:**

October 11, 2012
Invoice No:   02099

Joseph A. Baldi, Trustee
Baldi Berg & Wallace
19 S. LaSalle St.
Suite 1900
Chicago, IL 60603

**In Reference to:**   *Buckner, Teresa B. - Trustee Matters*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 7/18/2011 | RKP | Review case file for information needed to prepare letter re: PI Case (.2); draft letter to PI attorney (S. Wolfman ) re: Estate's interest in claim and request for additional information (.3) | 0.50<br>$190.00/ hr | $95.00 |
| 9/19/2011 | RKP | Meet with Trustee re: issues and status in case | 0.20<br>$190.00/ hr | $38.00 |
| 11/02/2011 | RKP | Review open issues and identify steps for follow-up | 0.10<br>$190.00/ hr | $19.00 |
| 1/27/2012 | RKP | Review case file and docket for information needed to prepare Annual Report (.3); update information in system to prepare Form 1 and 2 (.6); edit forms per J. Baldi and prepare for filing (.2). | 1.10<br>$195.00/ hr | $214.50 |
| 4/11/2012 | RKP | Review email from Wolfson re retention (.1); prepare correspondence to Wolfson re: status of PI case and effect of bankruptcy (.2). | 0.30<br>$195.00/ hr | $58.50 |
| 5/21/2012 | JMM | Request EIN from IRS (.1), Request new bank account from Congressional (.2), Open new bank account in TCMS (.1) | 0.40<br>$85.00/ hr | $34.00 |

**Baldi Berg & Wallace, Ltd**

10/11/2012

Buckner, Teresa B. - Trustee Matters

Page 2

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 6/11/2012 | JMM | Process May 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$85.00/ hr | $17.00 |
| 7/06/2012 | JMM | Deposit Check into TCMS (.1) & Send Check to Congressional via FedEx (.1) | 0.20<br>$85.00/ hr | $17.00 |
| 7/24/2012 | JMM | Review and import Medical Lien claims (1.0), Cut Medical Lien claim checks to recipients (.6) | 1.60<br>$125.00/ hr | $200.00 |
| 7/24/2012 | JMM | Imported medical lien claims manually into TCMS (1.2), Cut and sent checks for personal injury claims distribution (.5) | 1.70<br>$125.00/ hr | $212.50 |
| 8/07/2012 | JMM | Process June 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 8/27/2012 | JMM | Process July 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 9/09/2012 | RKP | Review case file and docket for information needed to close case (.3); update system information as need to properly reflect assets for form 1 (.2); review claims (.2). | 0.70<br>$195.00/ hr | $136.50 |
| 9/27/2012 | JMM | Process August 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 10/05/2012 | JMM | Process September 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 10/10/2012 | RKP | Review case file for information needed to prepare TFR (.5); update system with information and data for TFR, NFR and TDR (1.5); begin draft of TFR (.5); and draft NFR (.3); memo to J. Baldi re: same (.1); begin draft Trustee fee application (.5). | 3.40<br>$195.00/ hr | $663.00 |

**Baldi Berg & Wallace, Ltd**

10/11/2012

Buckner, Teresa B. - Trustee Matters

Page 3

---

| Date | TK | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 10/11/2012 | JAB | Review, edit and execute final report and related fee applications/documents. | 1.00 $450.00/ hr | $450.00 |
| 10/11/2012 | RKP | Further draft Trustee fee application (1.0); draft coversheet, proposed order, affidavit and notice of motion (.4); review/edit fee application (.4); finalize draft TFR (.5); finalize NFR (.3); review/edit Trustee final report package (.5); memo to J. Baldi re: same (.1). | 3.20 $195.00/ hr | $624.00 |

|  |  |
|---|---|
| Total Fees | $2,879.00 |
| Total New Charges | $2,879.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,879.00 |

### *Timekeeper Summary*

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 1.00 | $450.00 |
| Jason M Manola | 0.80 | $85.00 |
| Jason M Manola | 4.10 | $125.00 |
| Ricki K Podorovsky | 0.80 | $190.00 |
| Ricki K Podorovsky | 8.70 | $195.00 |

**Trustee's Final Fee Application**                      **Teresa B. Buckner, Debtor**
                                                          **Case No. 11-14663**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| TERESA B. BUCKNER, | ) | Case No. 11-14663 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi Berg & Wallace, Ltd. a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on November 8, 2012.

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**

